## MULLINS v. ARCHER.

### No. 5580.

Court of Civil Appeals of Texas. Amarillo.

Nov. 15, 1943.

Chas. H. Dean, of Plainview, for appellant.

Dennis Zimmermann, of Tulia, for appellee.

HEARE, Justice.

This is an appeal from an order overruling plea of privilege.

Appellee, a resident of Randall County, sued appellant, a resident of Garza County, in the County Court of Swisher County, alleging that appellant and appellee made a contract to buy 170 head of cattle from Holland & Hayes in Swisher County; that a forfeit deposit of $1,250 was required and appellee put up one-half the required amount; that appellant failed to put up any part of the forfeit; that while the cattle were thus under contract a re-sale of them was arranged by Holland & Hayes and they were by agreement sold to other parties at a net profit of $850 over the amount which appellant and appellee contracted to pay for them. Appellee alleges that this profit and the refund of appellee's part of the forfeit money was paid by Holland & Hayes to appellant by check payable to appellant and appellee; that appellant deposited appellee's forfeit money to appellee's credit in the bank at Happy,

Texas, but wrongfully and fraudulently appropriated to his, appellant's, own use and benefit the entire $850 profit and has refused to account to appellee for his share of the same; that all of the acts complained of occurred in Swisher County; and appellee sues for $850, or, in the alternative, for $425, one-half of the profit of the transaction.

Appellant relies on two points for reversal, namely, that appellee neither pleaded nor proved any legal ground upon which to hold venue in Swisher County, and that verification of the controverting plea was not legally sufficient.

Written evidence offered by appellee at the hearing consisted of the check given by Holland & Hayes, payable to Mullens & Archer (appellant and appellee), for $1,475, being for refund of $625 forfeit and $850 profit, drawn on the First State Bank of Happy, Texas, and endorsed "Mullins & Archer by Roy Mullins." Oral evidence consisted of appellee's testimony. Appellee seeks to hold venue in Swisher County on the ground that his share of the profits were converted by appellant in Swisher County and therefore Section 9 of Article 1995, R.C.S. 1925, applied. The evidence wholly fails to establish any such fact. There is no proof as to where the check or its proceeds were delivered to appellee, where he cashed the check or where the alleged conversion of the funds occurred. Appellee testified that he discussed the matter with appellant two or three times and appellant stated "we will use this money to put up our forfeit on some other cattle" but later, about the first of April, appellee denied that he owed appellant anything. It is not shown where these conversations, and particularly the last one, occurred.

The evidence is deemed wholly insufficient to establish any fact of conversion of funds by appellant in Swisher County. This fact not having been established, appellant's plea of privilege should have been sustained. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. Appellee also contends that the case falls under Section 7 of Article 1995, R.C.S. 1925, Vernon's Ann.Civ.St. art. 1995, subd. 7, which provides that in all cases of fraud suit may be brought in the county where the fraud was committed. The proof likewise fails to establish the essential elements of fraud and will therefore not support the maintaining of the suit in Swisher County under this exception. Coalson v. Holmes, 111 Tex. 502, 240 S.W. 896.

Appellant contends that this being a partnership, he could not be sued by his co-partner for conversion without first having an equitable accounting. This is the general rule, but there is a recognized exception where the partnership was formed to carry out a single venture and involves no complicated accounts and has terminated on completion of the transaction. In the case at bar there was only a single venture, and it was completed by the re-sale of the cattle and involved no complicated accounting. Assuming, therefore, that the relation of co-partners did exist between the parties in the purchase and sale of the cattle, yet, this case would come within the exception and the suit for conversion could be maintained by one co-partner against the other. Chipley v. Smith, Tex.Com.App., 292 S.W. 209.

The second point raised by appellant is that "plaintiff's affidavit did not constitute legal verification of his controverting affidavit." The affidavit is as follows: "I, Dennis Zimmermann, attorney for plaintiff, Carl M. Archer, being first duly sworn on oath state that the foregoing controverting plea is true, and that I am duly authorized to make this affidavit." Appellant contends that in order for such affidavit to be sufficient and to constitute a proper verification, it must allege that the allegations of fact set forth therein are true, and contends that the affidavit in question merely constituted a legal conclusion that the plea was good. The point will be overruled. No exceptions were leveled to the plea. Only the verification of the plea is under attack. Rule 86, Texas R.C.P., provides only that the controverting plea shall be under oath and the verification of the controverting plea by appellee's attorney of record is therefore deemed sufficient.

For the reasons stated, the judgment of the court below will be reversed and judgment will here be rendered sustaining appellant's plea of privilege with instructions to the clerk below to transfer the cause of action to the County Court of Garza County.