## CUMBA v. UNION BUS LINES, Inc.

No. 12083.

Court of Civil Appeals of Texas.
San Antonio.

March 29, 1950.

Rehearing Denied April 26, 1950.

O. Shelley Evans, San Antonio, for appellant.

Rankin, Kilgore & Cherry, Edinburg, for appellee.

BROETER, Justice.

This is an appeal from an order overruling a plea of privilege. Union Bus Lines, Inc., filed suit in Atascosa County, Texas, against Virgil Cumba and R. T. Ezell, residents of Eastland County, Texas. The suit arose as a result of a bus-truck collision which occurred within the City Limits of Jourdanton, Atascosa County, Texas. Plaintiff sought to hold venue in Atascosa County by virtue of Exception No. 9 of Article 1995, alleging in substance that Virgil Cumba, the driver of the truck, had committed a crime and trespass in Atascosa County, and that R. T. Ezell was Cumba's employer. It was alleged that Virgil Cumba was engaged in the employer's business at the time of the accident. Upon a hearing before the court, the court sustained the plea of privilege of R. T. Ezell and overruled the plea of privilege of Virgil Cumba. Notice of appeal was given in the order overruling Virgil Cumba's plea of privilege, such order and notice of appeal having been signed and rendered on December 2, 1949. Thereafter, Virgil Cumba filed an appeal bond within the time required by law.

Appellant, Virgil Cumba, in his brief sets out eleven points of error on which he relies for reversal and rendition of the judgment of the trial court overruling his plea of privilege. The first three points are grouped into one group and the brief considers the same together. We will consider such points as grouped.

In the first point it is recited, in substance, that the trial court erred in overruling defendant's special exception to the controverting plea because the affidavit thereto was made by one who had no personal knowledge of the facts and allegations contained therein; the second point recites that the trial court erred in sustaining an exception to the testimony sought to be elicited from the bus driver to the effect that I. F. Bay, president of the Union Bus Lines, Inc., and the person who signed the affidavit to the controverting plea was not present at the scene of the accident; the third point recites in substance that the court erred in not sustaining the plea of privilege upon proof that I. F. Bay, the signer of the affidavit, was not present at the time of the accident and therefore it was obvious that he relied upon information communicated to him and not personal knowledge when he made the affidavit swearing the statements contained in the controverting affidavit were true and correct. We do not believe either of these points of error is sound and they are all overruled.

The plea filed by the Union Bus Lines, Inc., controverting the plea of privilege of the defendant Virgil Cumba denies the allegations contained in defendant's plea of privilege, and includes a recitation of all of the allegations made in the original petition of the Union Bus Lines, Inc., and such controverting plea recites that the allegations of such petition show, and that it is a fact, that defendant Virgil Cumba committed a crime and trespass within the meaning of Section 9, Article 1995, Vernon's Ann.Civ.Stats. No question is raised by these three points as to the sufficiency of the controverting plea. The affidavit as made by I. F. Bay, President of the Union Bus Lines, to the controverting plea is as follows:

"The State of Texas:
 County of Hidalgo:
 Before Me, the undersigned authority, on this day personally appeared I. F. Bay who, on his oath, stated that he is president of Union Bus Lines, Inc., a corporation in the above entitled and numbered cause, and that the allegations, denials and facts set out in the foregoing controverting plea are true and correct.
  /s/ I. F. Bay
 Sworn To And Subscribed Before Me by the said I. F. Bay this 27th day of October, 1949, certify to which witness my hand and seal of office.
  /s/ Lillie Rue King
 Lillie Rue King, Notary Public in
   and for Hidalgo County, Texas."

The above affidavit is definite, certain and complete, and recites that the allegations and denials and facts set out in the above controverting plea are true and correct. It is therefore an affidavit on which a charge of perjury can be based. It may be true that the affiant's knowledge of the contents of the controverting plea is based upon information or hearsay, but such affidavit does not so say, and it complies with the requirements of our statute and the rules. Rule 86, T. R. C. P.; Cogdell v. Martin, Tex.Civ.App., 176 S.W.2d 982.

We do not believe that the statute or rules require that the affidavit must be made by someone who has personal knowledge of the facts recited in the controverting plea. Therefore it was not material on the hearing of this plea of privilege to show that I. F. Bay, the affiant, was not present at the scene of the accident. The affidavit places in issue the correctness of the facts stated in the plea, without it the plea of privilege would be sustained without evidence. Without passing upon the correctness of the holding in Savage v. Herrin Transfer and Warehouse Company, Tex.Civ.App., 219 S.W.2d 101, 102, relied upon by appellant, we point out that the cited case does not in our opinion sustain appellant's contention. In that case the affiant swearing to the allegations of the controverting plea recited "that he has familiarized himself with the facts set out in the foregoing Controverting Plea and that they are true and correct." Thus it appeared from the affidavit that the affiant had learned the facts from other sources. We cite the following cases as sustaining our ruling that the affidavit made to this controverting plea is sufficient, to-wit:

Cogdell v. Martin, Tex.Civ.App., 176 S.W. 2d 982; Mullins v. Archer, Tex.Civ.App., 176 S.W.2d 763; also Evans v. Jeffrey, Tex.Civ.App., 181 S.W.2d 709, 710, in which Chief Justice McDonald of the Fort Worth Court, says:

"Appellant argues that the jurat is insufficient, in that it fails to show that the attorney was cognizant of the matters set forth in the plea. We do not see the force of this contention. For all that the jurat shows, the attorney was cognizant of the matters set forth in the plea. There being nothing in the plea to indicate the contrary, we are bound to accept it for what it appears upon its face to be. We held a similar verification good in Duncan v. Denton County, Tex.Civ.App., 133 S.W.2d 197, writ dismissed."

For convenience we will consider Points IV and V later in this opinion.

By Point VI the issue of insufficiency of the pleading to support a finding of the commission of trespass· by appellant is urged and presented. In paragraph 3 of plaintiff's petition it is alleged that plaintiff's bus was being driven by the driver upon and along Texas State Highway No. 97 in Jourdanton, Atascosa County, in a proper manner and at a reasonable and proper speed, and that said driver was keeping a proper lookout and operating the bus carefully when he was proceeding through the intersection of Highway No. 97 with Texas Highway No. 173, and said paragraph 3 of said pleading further recites:

" * * * when said bus had proceeded about ⅔rds of the distance through the intersection a flat-bed Chevrolet truck license No. MK-4549 (Texas) driven and operated by the defendant, Virgil Cumba, who at such time was driving such truck with the permission of its owner, the defendant, R. T. Ezell and in the due course of his employment by the said R. T. Ezell employer· of the said Virgil Cumba, approached the said intersection of Texas State Highway Nos. 97 and 173 traveling South at an excessive and unlawful rate of speed, the speed of said vehicle as it approached said intersection being an esti-mated 55 to 60 miles per hour. The said Virgil Cumba was operating said truck in a careless and negligent manner, was approaching a through highway, that is, Highway No. 97, and he drove said truck without keeping a proper lookout and at an excessive rate of speed, and he ran through and passed a warning sign erected as provided by law upon and adjacent to said Highway 173. As he approached the intersection of the main Highway, that is Highway 97, he failed to heed a second sign, being a stop sign erected on or adjacent to the intersection of said Highways 97 and 173, and plunged said truck heedlessly and in disregard to the sign and negligently into the intersection of such Highways 97 and 173, at the time when the intersection was lawfully occupied and being used by the Plaintiff's bus, and collided with great force and violence with Plaintiff's bus, the Chevrolet truck striking Plaintiff's bus in about the center of such ·bus thereby inflicting injuries and damages to the bus to Plaintiff's loss and damage as more fully hereinafter appears."

In the last paragraph of the controverting plea filed by Union Bus Lines, Inc., it is further stated:

"The allegations of such petition are true and correct. Such allegations show, and it is a fact, that the Defendant Virgil Cumba, committed within the meaning of Section 9 to Article 1995 of Vernon's Annotated Civil Statutes, a trespass and violation of law, a crime, in Atascosa County, Texas, and such trespass was committed upon and· against the Plaintiff herein and it was in the course of the commission of a violation of law and a crime by the said Virgil ·Cumba and because of such commission by the said Virgil Cumba Defendant of such violation of law and crime that the Plaintiff suffered the injuries and damages upon which plaintiff's cause of action in this case is based."

We believe that those parts of the pleading quoted above are sufficient to allege that the appellant, Virgil Cumba, committed a trespass in Atascosa County, Texas. Point VI is overruled.

We will next consider Point VII, wherein appellant contends the trial court erred in overruling his plea of privilege because the uncontroverted testimony was to the effect that the collision was the result of an unavoidable accident.

In Simmonds v. St. Louis, Brownsville & Mexico Railway Company, 127 Tex. 23, 91 S.W.2d 332, 333, par. 4, it is said:

"As to the testimony of interested witnesses, the general rule is that, while the jury has no right arbitrarily to disregard the positive testimony of unimpeached and uncontradicted witnesses, the mere fact that the witness is interested in the result of the suit is deemed sufficient to require the credibility of his testimony to be submitted to the jury. Stated in another form, the rule is that the uncontradicted, uncorroborated testimony of a party to a suit will not authorize or support an instructed verdict. Sonnentheil v. Christian Moerlein Brewing Co., 172 U.S. 401, 19 S.Ct. 233, 43 L.Ed. 492, 495; Mills v. Mills (Tex.Com.App.), 228 S.W. 919; Burleson v. Tinnin (Tex. Civ.App.), 100 S.W. 350 (application for writ of error refused); Gulf, C. & S. F. R. Co. v. Davis (Tex.Civ.App.), 225 S.W. 773, 775; King & King v. Porter (Tex.Civ. App.), 256 S.W. 627; Himes v. Himes (Tex.Civ.App.), 55 S.W.2d 181; 17 Tex. Jur. pp. 926-927, § 418."

The trial court in overruling Virgil Cumba's plea of privilege we must presume determined that the collision in question was not the result of an unavoidable accident. The testimony of Virgil Cumba, defendant in this suit, was to the effect that his brakes suddenly failed as he approached Highway 97 and he could not stop his truck, and that as a result of such defective brakes the collision occurred, but Virgil Cumba was the only witness who testified that the brakes were defective. The evidence given by Virgil Cumba also showed that the brakes had been in good condition for five weeks prior to the collision, and the owner of the truck, R. T. Ezell, also testified that he had driven the truck the day before and on several occasions before the collision and the brakes were in good condition. Mrs. Mildred Cumba, the wife of E. C. Cumba, testified that she exclaimed to her husband as Virgil Cumba passed them, "here comes Virgil now * * * that boy don't have any brakes." The testimony of Mildred Cumba is not proof that the brakes were in bad condition but is an exclamation made by her of an opinion. Such exclamation is not based upon any knowledge that she had of the condition of the brakes. It is not shown that she saw the brakes. This exclamation no doubt was made and formed as a conclusion from the way the truck was being driven by Virgil Cumba and does not in any way corroborate his testimony that the brakes were defective. The opinion as given by Mildred Cumba could have been formed as a result of careless driving or handling of the truck by Virgil Cumba. We therefore believe that the trial court was authorized to determine that the uncorroborated testimony of a party to the suit was not sufficient to support a finding that the collision was the result of an unavoidable accident. Point VII is overruled.

We will next consider Point IV, wherein appellant contends the evidence is not sufficient to prove that Virgil Cumba committed a crime or offense in driving his truck on the occasion in question. Article 6701d of Vernon's Ann.Civ.Stats., Sec. 73(a) and (b), reads as follows:

"(a) The driver of a vehicle shall stop as required by this Act at the entrance to a through highway and shall yield the right-of-way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right-of-way to the vehicle so proceeding into or across the through highway.

"(b) The driver of a vehicle shall likewise stop in obedience to a stop sign as required herein at an intersection where a stop sign is erected at one or more entrances thereto although not a part of a through highway and shall proceed cautiously, yielding to vehicles not so obliged

to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but may then proceed."

Section 143 (a) provides that "It is a misdemeanor for any person to violate any of the provisions of this Act unless such violation is by this Act or other law of this State declared to be a felony." And paragraph (b) of said section fixes the penalty for a misdemeanor violation of said act at a fine of not less than One Dollar nor more than Two Hundred Dollars.

█ It was established by the evidence and undisputed that Virgil Cumba, as he drove his truck down Highway No. 173 to its intersection with through Highway 97 without stopping, went by a school zone sign, a highway warning sign and the stop sign at the intersection, and proceeded onto through Highway No. 97 without yielding the right of way to other vehicles which had entered the intersection. The evidence was sufficient to support a ruling by the trial court that Virgil Cumba was guilty of a crime or offense by failing to stop at the entrance of through Highway No. 97, and failing to yield the right of way to other vehicles which had entered the intersection, as required by Sec. 73, paragraph (a) of Article 6701d, above quoted, and such evidence was sufficient to support a ruling by the trial court that Virgil Cumba committed a crime or offense in failing to stop in obedience to a stop sign at the intersection of the two highways, as required by paragraph (b) of Section 73 of Article 6701d quoted above. Point IV is overruled.

We will consider Points V, VIII and IX together. They are as follows:

### "Point V

"The Court erred in overruling the defendant Virgil Cumba's plea of privilege because the plaintiff failed to prove that Virgil Cumba had committed a trespass in Atascosa County, conceding for the purpose of this point that plaintiff had sufficient pleading to rely upon a trespass, which appellant does not admit, but denies."

### "Point VIII

"The Court erred in overruling defendant Virgil Cumba's plea of privilege in holding that Virgil Cumba was guilty of negligence, when the uncontroverted testimony was to the effect that there was a complete failure of the brakes on the truck Cumba was driving; that Cumba had no knowledge that said brakes would or might fail, and had no prior notice or knowledge that said brakes were in any manner defective, and as a result of which failure, said Virgil Cumba had no control whatsoever over said truck."

### "Point IX

"The Court erred in holding that the act of Virgil Cumba was a proximate cause of the collision between the truck and the bus, because the collision resulted from a mechanical failure on the truck, of which Virgil Cumba could not anticipate or foresee, nor could he have prevented, nor could he control said truck after the mechanical failure had occurred, there being no proof of any negligence upon the part of Virgil Cumba prior to the said mechanical failure."

█ This Court in reviewing the ruling of the trial court "must indulge all reasonable intendments and presumptions not contradicted by or inconsistent with the record in favor of the proceedings below and the action and rulings of the trial court." 3B Tex.Jur. p. 38, § 92, and cases listed in Note No. 3. Also Bennett v. Jackson, Tex. Civ.App., 172 S.W.2d 395, in which writ of error was refused.

The evidence in this case shows that the defendant Virgil Cumba prior to the collision had met and talked with his brother, E. C. Cumba, two miles south of Poteet; that they drank beer and arranged to meet later in Jourdanton to eat supper. In pursuance of this arrangement he left his brother, went to Poteet to take a man, returned to Jourdanton and was proceeding along Highway No. 173 in Jourdanton in search of his brother and was approaching the intersection of said highway with Highway No. 97; that Virgil Cumba, observing his brother's car, his brother and family on the side of such highway, waved at them, puffed his cigarette, blew the horn and tried to stop his truck in front of his brother's car but could not stop the truck

on account of defective brakes and the same proceeded further along said Highway 173, passing a school zone sign, a danger sign and a stop sign, until it reached the intersection of said Highway 173 with Highway 97, where it collided with plaintiff's bus. Virgil Cumba testified that he was driving the truck at about thirty miles per hour at the time he saw his brother's car and family; that he wasn't looking for road signs but was looking at his brother's car, "that he didn't pay any attention to the intersection * * * he was looking at the car."

■ E. C. Cumba testified that the front of his car was sixty or seventy feet from the stop sign; that it was by actual measurement sixty-seven feet. The evidence was sufficient to support a ruling by the trial court that the act of Virgil Cumba in driving the truck along Highway No. 173 at thirty miles per hour in Jourdanton, Atascosa County, Texas, as he approached the intersection of Highway 97 and Highway 173, without stopping, looking, or paying any attention to the intersection, and causing it to collide with plaintiff's bus as it was passing through such intersection, was not the result of defective brakes but was active negligence, the proximate cause of the collision and damage, and constituted a trespass. Vaught v. Jones, Tex.Civ.App., 8 S.W.2d 800, and Id., Tex.Com.App., 17 S.W.2d 779; Cogdill v. Martin, Tex.Civ. App., 172 S.W.2d 982. The authorities cited in our discussion of Point VII apply here.

The testimony of Virgil Cumba that the brakes on his truck were defective was not corroborated except by opinion evidence. We have held in this opinion that the trial court was authorized in ruling that this collision was not the result of unavoidable accident and that the testimony of Virgil Cumba to that effect was not corroborated. and that the trial court was justified in so ruling. The circumstances surrounding the happening of this collision; the fact that defendant was driving his truck at thirty miles per hour within the city limits, smoking as he drove, not watching the road but looking at his brother and family; that he had been drinking, that he drove his truck to the side of the highway and back on Highway 173, without paying any attention to the intersection, and other evidence in this case, was sufficient to authorize the trial court in holding that Virgil Cumba was guilty of negligence in driving the truck carelessly and without keeping a proper lookout, and that such negligence was the proximate cause of the collision and damages and the same was not caused by defective brakes. Evans v. Jeffrey, Tex. Civ.App., 181 S.W.2d 709. We overrule Points V, VIII and IX.

■ The statement of facts contains a picture of plaintiff's bus and such a picture shows substantial damage. The statement of facts also contains a picture of Virgil Cumba's truck taken after the collision. It shows that the truck collided with the bus with terrific force. Testimony shows, "it was a hard lick." The pleading which gives jurisdiction to the lower court alleged the amount of damage sufficient to come within the jurisdiction of that court. We hold that it was not necessary on a hearing of the plea of privilege to establish the amount of the damage. That could be established on the trial on the merits. Foster v. Gainsville Bus Lines, Tex.Civ.App., 187 S.W.2d 144. Points X and XI are overruled. We are therefore of the opinion that the judgment overruling the plea of privilege of Virgil Cumba should be affirmed.

Affirmed.