### ARCHIBALD v. PERRY et al.
No. 3010.

Court of Civil Appeals of Texas. Eastland.
May 1, 1953.

Rehearing Denied May 15, 1953.

Lucian Touchstone, Dallas, for appellant.

Neilson Rogers, and Olan R. Van Zandt, Sherman, Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellees.

LONG, Justice.

This suit arose out of a three vehicle automobile collision which occurred in Grayson County. Veda Perry instituted this suit for personal injuries and property damage against Sylvan Leroy Archibald, a resident of Denton County, operator of one of the vehicles involved in the colli-

sion, and against Harold Douglas Jones, a resident of the State of Michigan, operator of another of the vehicles involved. Archibald filed his plea of privilege, which was duly controverted by plaintiff Perry, in which she sought to hold venue in Grayson County under Sections 3 and 9 of Article 1995, Vernon's Annotated Revised Civil Statutes. Jones, one of the defendants in the main action, filed an amended answer and cross action against Archibald alleging negligence of Archibald which caused certain personal injuries to him. To this pleading Archibald also filed a plea of privilege which was duly controverted by Jones, who claims that Subdivision 9 of Article 1995 is applicable to his cross action. The pleas of privilege were heard together before the court without a jury and were overruled. Archibald has appealed.

Appellant contends there is no evidence, and, in the alternative, that the evidence is insufficient to support a finding of any crime, offense or trespass committed by him in Grayson County and that, therefore, the court erred in overruling his pleas of privilege. The collision occurred at an intersection in the City of Sherman. Highway 82 enters the city limits of Sherman on the east on Lamar Street and, immediately after entering the city, Highway 82 makes an abrupt turn to the right up Harris Street for one block and then turns west down Houston Street. At the time of the collision, Highway 82 was well marked all the way through Sherman as a highway and a designated truck route. On the date of the collision and a long time prior thereto, there was a highway control sign directing west bound traffic in the vicinity of this intersection to proceed at not more than fifteen miles per hour. The intersection involved is very heavily traveled. At the time of the collision three vehicles were approaching this intersection in such a manner as to arrive there at approximately the same time. Appellant, Archibald, was approaching the intersection from the east in a standard two-ton dump truck loaded with sand and gravel. For some time he had been making approximately five round trips a day across this intersec-

tion hauling sand and gravel from a point six miles east of Sherman. On the occasion in question, appellee, a school teacher, was driving her car east on Lamar Street. She had in the car with her two children from her classroom. As she approached the intersection in question she observed Archibald's truck approaching toward her from the east. She also observed a Packard automobile driven by Jones proceeding south on Harrison Avenue. It was apparent to her at that time that there was going to be a collision between the truck driven by Archibald and the car driven by Jones. She immediately turned her automobile to the right and stopped about two feet from the curb on the south of Harrison Street immediately west of the intersection. Appellant's truck struck the right side of the car driven by Jones at the center of the intersection, driving Jones' car into appellee's automobile, thereby causing appellee serious and painful personal injuries and damage to her automobile.

Archibald testified that he was approaching the intersection just prior to the collision at a speed of about twenty-five miles per hour. Appellee testified that Archibald was driving fast and that it was her opinion he was driving faster than twenty-five miles per hour. Appellee, in both her original petition and her controverting affidavit, alleged appellant was negligently operating his truck on the occasion in question at a high and excessive rate of speed under the circumstances then and there existing. Under Section 9 of art. 1995, Vernon's Annotated Revised Civil Statutes, a suit based upon a crime, offense or trespass may be brought in the county where such crime, offense or trespass was committed.

The negligent operation of a motor vehicle at a high and excessive rate of speed under some circumstances may be a trespass within the meaning of Subdivision 9. We are of the opinion that the evidence is sufficient to sustain the implied finding of the trial court that appellant was operating his truck at a high and excessive rate of speed on the occasion in question. As heretofore stated, appellant was familiar with the conditions existing at the scene of the accident. He was operating a dump truck loaded with sand and gravel approaching a busy intersection in the city of Sherman. There was a highway sign which directed traffic traveling at the place and in the direction that appellant was traveling, to proceed at not more than fifteen miles per hour. Appellant admitted that he was traveling at least twenty-five miles per hour at that time. Appellee testified that it was her opinion he was traveling in excess of twenty-five miles per hour.

Appellant had the same opportunity to observe the situation as appellee did on that occasion. It was so apparent to appellee that a collision was imminent between the truck and the car that she pulled to the curb and stopped but appellant, without reducing his speed, drove a heavily loaded dump truck into the intersection and struck the car driven by Jones, thereby causing it to collide with the car in which appellee was traveling. Appellant was familiar with the intersection and knew that it was heavily traveled. If he had been alert he should have known that if he did not reduce his speed that a collision would occur. We think the trial court was correct in overruling both pleas of privilege. Martin v. Cable, Tex.Civ.App., 140 S.W.2d 894; Cumba v. Union Bus Lines, Tex.Civ.App., 229 S.W.2d 176.

Appellant also complains of the action of the trial court in permitting appellee Veda Perry to testify that she believed the truck was going faster than twenty-five miles per hour. We find no merit in this contention.

It is true appellant objected to this testimony at one time but the record discloses that appellee gave the same testimony without any objection being made thereto. Under the circumstances, this point is overruled.

The judgment of the trial court is affirmed.