**G. B. STEPHENS, Appellant,**

v.

**B. D. RHEA, Appellee.**

No. 7017.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 23, 1961.

Fred R. Disheroon, Dallas, for appellant.

Ray & Baughman and Boyd Knudtson, Amarillo, for appellee.

NORTHCUTT, Justice.

The plaintiff, B. D. Rhea, appellee here, filed suit against G. B. Stephens, appellant here, for damages to appellee's automobile. This suit was filed in the County Court of Randall County, Texas. In plaintiff's original petition, he alleged he was a resident of Potter County, Texas and that the defendant, G. B. Stephens, resided in McCulloch County, Texas. Appellant also pleaded that the accident in question in which his car was damaged happened in the city of Brady. Brady is the county seat of McCulloch County.

On July 20, 1959, defendant filed his plea of privilege requesting that the case be transferred to McCulloch County and filed in the same instrument his original answer subject to his plea of privilege. Appellee did not file a controverting plea but on July 21, 1959, filed his motion to strike the defendant's plea of privilege. In the motion to strike is the following notation: "Notice under Rule 21a [Texas Rules of Civil Procedure] is hereby given by filing this motion and its entry on the motion docket." On July 25, 1959, the county judge of Randall County entered his order striking the plea of privilege. On August 3, 1959, defendant filed an amended plea of privilege. On August 3, 1959, the plaintiff filed his motion to strike defendant's amended plea of privilege and made the notation on said motion as follows: "Notice under Rule 21a is hereby given by filing this motion and its entry on the motion docket." On July 31, 1959, three days before the plaintiff's motion to strike defendant's amended plea of privilege was filed, the county judge of Randall County rendered and entered his order setting for hearing plaintiff's motion to strike the defendant's amended plea of privilege and set said hearing for 9:00 o'clock a. m. on the 7th day of August, 1959. So far as this record shows, no action was ever taken upon the defendant's amended plea of privilege or the plaintiff's motion to strike the same nor any hearing had according to the order setting said motion for hearing on August 7, 1959.

On February 10, 1960, the defendant filed in this case his motion to transfer this cause to the McCulloch County Court. No action was taken upon the motion to transfer the cause to McCulloch County. On February 18, 1960, the county judge of Randall County entered judgment in favor of the plaintiff for $450. On February 19, 1960, the defendant filed his motion for new trial. Under this record no action was ever taken upon the motion for new trial. On March 17, 1960, the defendant gave notice of appeal and filed and had approved his appeal bond.

Appellant presents this appeal upon the following three points of error: that the court erred in refusing to grant appellant's motion to transfer the cause to the county of appellant's residence; that the court erred in proceeding to trial on the merits of the cause after the plea of privilege had been duly filed; and after appellee failed to file a controverting plea, an error of the trial court in striking appellant's plea of privilege in the absence of the controverting plea.

The plaintiff presented his motion to strike the defendant's plea of privilege on three points as follows:

"I

"The verification of Defendant's Plea' of Privilege is fatally defective for the reason that it does not comply with Art. 5954 TRCS, requiring the printing of the Notary's name below signature.

"II

"The verification of Defendant's Plea of Privilege is fatally defective for the reason that no authority is shown for any affiant other than the Defendant, himself, G. B. Stephens, to make verification to the plea.

"III

"The verification of Defendant's Plea of Privilege is fatally defective for the reason that no personal knowledge of the facts verified is shown by the affiant, Raye Collier."

██ Without discussing each of the points upon which the motion to strike was based, we are of the opinion that all three should have been overruled. Art. 5954 referred to would not affect the plea of privilege because the Notary Public failed to print his name under the signature.

Rule 14 of T.R.C.P. provides the attorney may make affidavit where it may be necessary or proper for any party to a civil suit or proceeding to make an affidavit. Nunneley et al. v. Weiler et al., Tex.Civ.App., 244 S.W.2d 707. We cannot consider the point that the plea of privilege as being fatally defective for the reason that no personal knowledge of the facts verified was shown by the affiant. The affidavit stated every statement and allegations thereof were true and correct. The plaintiff pleaded in his petition as a fact the thing set out in the plea of privilege. We know of no theory by which the plaintiff could hold the case in Randall County in the face of a plea of privilege under his own pleadings. Plaintiff pleaded he was a resident of Potter County, Texas but filed his suit in Randall County, Texas. Plaintiff also pleaded defendant was a resident of McCulloch County residing at 603 West Commerce Street in Brady, Texas, and then alleged the accident sued on here took place in the city of Brady, Texas.

█ Rule 86 of T.R.C.P. sets out what the plea of privilege shall state. The plea of privilege filed in this cause in the county court was regular and complied with the rule. Rule 86 also provides:

"If such adverse party desires to controvert the plea of privilege, he shall * * * file a controverting plea under oath, setting out specifically the grounds relied upon to confer venue of such cause on the court where the cause is pending."

Under this rule the plea of privilege and controverting affidavit constitute the pleadings upon which venue issue shall be determined.

█ It is a well established rule in this state that a person's right to be sued in the county of his residence is a valuable right and should never be abridged except by clear convincing proof that the cause of action comes under some "exception" to the rule. Art. 1995, V.A.C.S. provides:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases. * * *."

This statute then sets out several exceptions. Exception No. 9 is the only exception that would entitle the appellee to have the cause tried where filed in a suit of this nature. He has not shown himself to come within such exception. Appellee's own pleadings show he had no right under the law in the face of a plea of privilege to have the case tried in Randall County. It is stated in the case of Calvert Fire Ins. Co. v. Carroll, Tex.Civ.App., 231 S.W. 2d 490, 491 as follows:

"Our courts have consistently held that the filing of a plea of privilege establishes the defendant's prima facie right to a transfer of the cause. Galbraith v. Bishop, Tex.Com.App., 287 S.W. 1087; and where no controverting plea is filed by the plaintiff, the trial court is deprived of jurisdiction except for the purpose of transferring the cause. Quarles Co. v. Lee, Tex. Com.App., 58 S.W.2d 77; Bogle v. Landa, 127 Tex. 317, 94 S.W.2d 154."

We cannot put our stamp of approval upon the manner in which this cause was handled. Judgment of the trial court is reversed and the case ordered transferred to the County Court of McCulloch County, Texas. Reversed and rendered with instructions.