**CARDINAL PETROLEUM CORPORATION et al., Appellants,**

**v.**

**M. M. ROBINSON et ux., Appellees.**

**No. 14399.**

Court of Civil Appeals of Texas.

San Antonio.

Sept. 22, 1965.

Rehearing Denied Oct. 20, 1965.

Carl Wright Johnson, Alfred W. Offer, San Antonio, for appellants.

Prichard, Peeler, Smith & Hatridge, Corpus Christi, Oliver & Oliver, San Antonio, for appellees.

MURRAY, Chief Justice.

This is an appeal by Cardinal Petroleum Corporation and Woodrow Wilson Sellers, from an order of the District Court of Mc-Mullen County, Texas, overruling their re-spective pleas of privilege to be sued in the county of their residence. M. M. Robin-son and his wife, Grace Robinson, are the appellees herein. Venue was asserted by appellees in McMullen County under the provisions of Subd. 9a of Article 1995, Vernon's Ann.Civ.Stats.

This controversy arose out of a collision between a truck belonging to Cardinal Petroleum Corporation, in charge of its em-ployee, Woodrow Wilson Sellers, and an automobile driven by Grace Robinson. The truck had been stalled on Highway 173, ten miles north of the town of Tilden and south of the town of Cross, in McMullen County. Sellers, an experienced truck driver, was employed by Cardinal Petrole-um Corporation, and had worked for it con-tinuously for three years as a truck driver hauling crude oil. Prior to the accident he had been traveling north on Highway 173, on his way to the "Roark Lease" lo-cated on the east side of the highway. He was driving a 1962 International tractor-trailer, with a V-8 engine and a tandum axle, which he described as having "twin screws," and the trailer was an empty aluminum pressure tank. He slowed down but missed the road for his turn off, and went past it approximately 100 feet. He then attempted to make a U turn in order to go back to his turn-off road. When he had almost completed the U turn his trac-tor lost traction on the axles and he was unable to complete the turn. This left the tractor headed south, but the trailer blocked the west half of the highway. He attempted to complete the turn but was un-able to do so, and while the tractor and trailer were in this position, Grace Robin-son, who was traveling south on Highway 173, ran into the side or rear of the trailer and was severely injured.

The principal controversy here is whether or not Sellers placed reflectors to the rear and side of the tractor-trailer, as is required by Secs. 137 and 138, Art. 6701d, Vernon's Ann.Civ.Stats. Sellers testified that when his trailer-tractor became dis-

abled, in that he was unable to move it, a party traveling north on Highway 173 stopped and offered to render aid. This party volunteered to send a wrecker out from Pleasanton, which was some distance to the north, and about that time another party, traveling south, stopped and offered aid; he said he would go to Tilden and send help. Sellers preferred to have a wrecker come out from Tilden, so he thanked the party going north and told him it would not be necessary to send a wrecker from Pleasanton. He asked the party who was headed south to wait just a few minutes, as he wanted to make another effort to move his vehicle, and while he was attempting to do this Grace Robinson struck the vehicle and was injured. Sellers testified that he left the headlights and all other lights burning while the tractor-trailer was in this disabled position. He also testified that he placed a reflector 100 feet to the rear of the trailer on the center line of the highway, another about ten feet north of the trailer on the center line, and a third one "about a hundred feet on the south line." (Section 138 of Art. 6701d, V.A.C.S., requires that reflectors be placed in the lane that is being blocked.) Grace Robinson testified that she saw no reflectors or lights on the vehicle with which she collided. It appears that both Grace Robinson and Sellers are interested witnesses, and the testimony of neither can be regarded as that of a disinterested witness. The trial judge gave credence to the testimony of Grace Robinson and overruled the pleas of privilege. Her testimony was sufficient to prove negligence on the part of Sellers and meets the provisions of Subd. 9a of Article 1995, which gives venue in the county where the collision occurred when negligence on the part of defendant is shown. Appellants complain because the controverting affidavit is verified by Travis A. Peeler, an attorney in the case. The controverting affidavit shows that Peeler was duly qualified and authorized to file the controverting plea and to make the affidavit, that he had full knowledge of the facts set forth therein, and that every state-

ment and allegation contained therein and the allegations in plaintiffs' first amended original petition were true and correct. The controverting affidavit was sufficient in every respect to controvert the pleas of privilege, and was not defective though signed by an attorney in the case. Rule 14, Texas Rules of Civil Procedure; Smith v. Crockett Production Credit Ass'n, Tex.Civ. App., 372 S.W.2d 954.

The appellees further allege that venue would lie in McMullen County under the provisions of Subd. 29a of Art. 1995, but they have apparently abandoned that allegation, and no contention is here made that venue lies in McMullen County under this subdivision of the venue statute.

The judgment of the trial court overruling appellants' pleas of privilege is affirmed.