Jack O. NUTTER, Appellant,

v.

ABATE COTTON HARVESTING COMPANY, a Co-Partnership, Appellee.

No. 5955.

Court of Civil Appeals of Texas.

El Paso.

June 12, 1968.

Rehearing Denied July 3, 1968.

Roddy L. Harrison, Pecos, for appellant.

J. M. Preston, Pecos, for appellee.

## OPINION

CLAYTON, Justice.

This is a suit on open account. The nature of the case as set out in appellant's brief and concurred in by appellee, is as follows:

"Suit was brought by Abate Cotton Harvesting Company, a Co-Partnership, Appellee, against Jonescutt Farms, Inc. and Jack O. Nutter, to recover on an open account sworn to by Appellee for the harvesting of a cotton crop on or about October 1, 1964 allegedly owned by Jonescutt Farms, Inc. and Jack O. Nutter. Jonescutt Farms, Inc. failed to answer said suit; however Jack O. Nutter, Appellant, filed a sworn answer alleging the affirmative defense that he was an officer of Jonescutt Farms, Inc., that the debt alleged in Appellee's petition was the obligation of Jonescutt Farms, Inc. and that Jack O. Nutter was not personally liable and further that Appellee's suit attempted to charge Appellant, Jack O. Nutter, on a debt of another not alleged to have been in writing in violation of the Statutes of Frauds Article 3995(2) [Vernon's Ann.] Revised Civil Statutes of Texas. On the 10th day of July, 1967 Appellant filed his First Application for Continuance with the Court and such was not controverted by Appellee. The Court overruled Appellant's First Application for Continuance and ordered the suit to proceed to trial over the objections of Appellant on the 12th day of July, 1967. Following the trial of said suit before the Court without a jury, judgment was rendered in favor of the Appellee for the principal amount alleged in the sworn account, interest and attor-ney fees against Jonescutt Farms, Inc. and Jack O. Nutter jointly and severally. This appeal followed."

The sole point of error is:

"The Trial Court erred by overruling Appellant's First Application for Continuance, because the absence of the witness Richard C. Hunnicutt who resides in Tempe, Arizona was prejudicial to Appellant's defense and a denial of a fair trial of said suit; however the Court ordered said suit to trial without allowing Jack O. Nutter to acquire the presence or benefit of said witness Richard C. Hunicutt testimony."

Appellee's sole counterpoint stated that the trial court did not err in overruling appellant's first application for continuance for the following reasons:

"(a) The Motion wholly failed to allege any facts that the witness, Richard Hunnicutt would testify to if present, that would be material to the issue and only alleged conclusions of the pleader.

"(b) The Motion for Continuance was not properly verified.

"(c) The proof was entirely insufficient to show diligence on the part of the Defendant to obtain the testimony of the missing witness, Richard Hunnicutt."

The controversy arises over the requirements of Rule 252, Texas Rules of Civil Procedure, providing:

"If the ground of such application be the want of testimony, the party applying therefor shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony, stating such diligence, and the cause of failure, if known; that such testimony cannot be procured from any other source; and, if it be for the absence of a witness, he shall state the name and residence of the witness, and what he expects to prove by him; and also state

that the continuance is not sought for delay only, but that justice may be done; provided that, on a first application for a continuance, it shall not be necessary to show that the absent testimony cannot be procured from any other source."

For clarity the application for continuance is set out in full:

## "DEFENDANT'S FIRST APPLICATION FOR CONTINUANCE

"TO THE HONORABLE JUDGE OF SAID COURT:

"COMES NOW Jack O. Nutter, Defendant in the above entitled and numbered cause, and makes this his first application for a continuance, and, Roddy L. Harrison, the attorney of record for said Defendant cannot safely go to trial on account of the absence of Richard C. Hunnicutt, who is a witness therein on behalf of Defendant, Jack O. Nutter, that the testimony of said witness is material, in that said Richard C. Hunnicutt will testify that he made the purchases for Jonescutt Farms, Defendant, of the merchandise, labor, and cotton harvesting set out in Plaintiff's Petition and that Jonescutt Farms is solely and exclusively liable on the indebtedness therefor; that Defendant Jack O. Nutter has used due diligence to procure the testimony of said witness, having talked to said witness on several occasions, but the said Richard C. Hunnicutt is presently in Tempe, Arizona and cannot at this time leave his present employment; that the testimony which said witness would give, if present, cannot be obtained from any other source; that Defendant expects to prove by the testimony of said witness that there are no facts which would take the alleged promise to pay the debt of another out of the operation of the Statute of Frauds; that Applicant in all reason expects to procure the attendance and testimony of such witness by the next term of this Court; and that the continuance is not sought for delay only but that justice may be done.

"WHEREFORE, Defendant Jack O. Nutter prays the Court to continue this cause to the next term of Court.

> BY /s/ Roddy L. Harrison
> NAYLOR & HARRISON
> P. O. BOX 1459
> PECOS, TEXAS
> ATTORNEY FOR DEFENDANT
> JACK O. NUTTER

"SWORN TO AND SUBSCRIBED Before me by the said RODDY L. HARRISON this 10th day of July A.D., 1967, to certify which witness my hand and seal of office.

> /s/ Estelle Clinton, County Clerk

(SEAL)                    in and for Reeves County, Texas"

——◆——

From the foregoing it is apparent that many of the statements contained in the motion could only be sworn to by the attorney on information and belief which has been held to be insufficient for proper verification. Payne v. Latham, 8 S.W.2d 326 (Tex.Civ.App., 1928; wr.dism.); Bray v. Miller, 397 S.W.2d 103 (Tex.Civ.App., 1965; ref., n. r. e.); 13 Tex.Jur.2d 50, 51, §§ 121, 122; and 13 Tex.Jur.2d 54, § 124.

Appellant himself did not testify in support of the motion for continuance and the

only witness called was one Ray Wacker who testified on cross-examination that except for knowing the cotton crop was harvested by appellee, that anything else he testified to was what had been told him.

 Under Rule 252, the first application for continuance bears no more dignity than any subsequent application, except that under the first application it is unnecessary to show that the absent testimony cannot be procured from any other source.

 We find no error or abuse of discretion on the part of the trial court in overruling appellant's motion for continuance, and accordingly overrule the sole point of error and affirm the judgment of the trial court.