Bennie WILLIAMS, Appellant,

v.

CITIZENS STATE BANK OF HEMPSTEAD, Appellee.

No. A14–82–109CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 9, 1982.

Ruben Yzaguirre, Houston, for appellant.

Hulen R. Selman, Hempstead, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PAUL PRESSLER, JJ.

PAUL PRESSLER, Justice.

This is an appeal from the trial court's order overruling defendant's plea of privilege. We affirm.

Appellee, Citizens State Bank of Hempstead (hereinafter called "the bank"), filed suit in Waller County against appellant on three promissory notes. Appellant filed a plea of privilege to be sued in Harris County where he resides. The bank filed a controverting affidavit, under Tex.Rev.Civ. Stat.Ann. art. 1995, subd. (5)(a) (Vernon Supp.1982), stating that the promissory notes obligated appellant to make payment to the bank at its location in Waller County. No findings of fact or conclusions of law were made.

▆ In his first point of error, appellant contends that appellee's controverting affidavit was not properly verified. We disagree.

The pertinent part of appellee's verification is as follows:

THE STATE OF TEXAS

COUNTY OF WALLER

Before me, the undersigned authority, on this day personally appeared James M. Hauck, who is the President of Citizens Bank of Hempstead, and being duly authorized to make this affidavit, being duly sworn upon his oath, says that he has read the above Controverting Affidavit ... and that every statement, allegation and denial therein is true and correct.

Appellant argues that this verification is fatally defective because "no where in the affidavit does it appear that the information sworn to by the Affiant was within the knowledge of the Affiant." Appellant does not cite any pertinent authority to support his position.

In *Cumba v. Union Bus Lines,* 229 S.W.2d 176 (Tex.Civ.App.—San Antonio 1950, no writ), a similar affidavit was held to be "definite, certain and complete". *Cumba, supra,* also held that there was no statute or rule which required "that the affidavit must be made by someone who has personal knowledge of the facts recited in the controverting plea." *Id.* at 178. *See Stephens v. Rhea,* 342 S.W.2d 822 (Tex.Civ.App.— Amarillo 1961, no writ).

We thus overrule appellant's first point of error.

In his second point of error, appellant asserts that the trial court erred in denying his plea of privilege to be sued in the county of his residence under the provisions of Tex.Rev.Civ.Stat.Ann. art. 1995, § (5)(b) (Vernon Supp.1982).

Appellant apparently presumes and contends in his point of error that subdivision 5(b) was the basis on which appellant's plea of privilege was overruled. He argues that there was no evidence that the notes were executed by him in Waller County.

The venue exception in question is as follows:

Contract in writing.—(a) Subject to the provisions of Subsection (b), if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile.

(b) In an action founded upon a contractual obligation of the defendant to pay money arising out of or based upon a consumer transaction for goods, services, loans, or extensions of credit intended primarily for personal, family, household or agricultural use, suit by a creditor upon or by reason of such obligation may be brought against the defendant either in the county in which the defendant in fact signed the contract, or in the county in which the defendant resides at the time of the commencement of the action.

No term or statement contained in an obligation described in this subsection shall constitute a waiver of this provision.

The venue exception relied upon by appellee bank was subdivision 5(a), not Subdivision 5(b).

In order to deprive a defendant of his right to be sued in his own county, the plaintiff must prove that the case falls within one of the exceptions listed in Tex. Rev.Civ.Stat.Ann. art. 1995 (Vernon 1964 & Supp.1982). *A.H. Belo & Corp. v. Blanton,* 133 Tex. 391, 129 S.W.2d 619 (1939). The plaintiff must allege and prove the venue facts stated in the particular exception which applies to the particular suit. *Cowden v. Cowden,* 143 Tex. 446, 186 S.W.2d 69, 71 (1945).

The promissory notes were admitted into evidence. They state on their face that they are payable in Waller County. Appellant testified that the notes were consumer transactions, intended primarily for personal use, as set out in subdivision 5(b). However, the bank brought out on cross-examination that one note was clearly for commercial use and another was a consolidation of several old notes, a portion of which had also originally been used for commercial purposes.

When there are no findings of fact or conclusions of law, every fact issue must be resolved in support of the Court's order. *James v. Drye,* 159 Tex. 321, 320 S.W.2d 319, 323 (1959). This court must affirm the trial court if its ruling can be sustained on any reasonable theory supported by the evidence. *Cavanaugh v. Davis,* 149 Tex. 573, 235 S.W.2d 972, 977 (1951).

Although the evidence is conflicting, if there is sufficient evidence of probative force to support the judgment of the trial court, the judgment should not be disturbed on appeal. *Banks v. Collins,* 152 Tex. 265, 257 S.W.2d 97 (1953). Here there is sufficient evidence to support the trial court's finding that appellee bank established venue under subdivision 5(a) by a preponderance of the evidence.

The judgment is affirmed.