Eusebio GONZALES, Appellant,

v.

PROCTOR & GAMBLE MANUFACTURING COMPANY, Appellee.

No. 2925cv.

Court of Appeals of Texas, Corpus Christi.

April 28, 1983.

244

Peter Steiner, Bonilla, Read, Bonilla & Berlanga, Inc., Corpus Christi, for appellant.

Tom Hermansen, Kleberg, Dyer, Redford & Weil, Corpus Christi, for appellee.

Before BISSETT, UTTER and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is a venue case. Eusebio Gonzales, appellant, is appealing from an order granting appellee's plea of privilege to be sued in its county of residence, Dallas County, Texas. Appellant brought suit in the 148th District Court of Nueces County to recover damages for personal injuries suffered by him when he was pinned against a truck he was unloading in appellee's place of business in Dallas, Texas. Appellee, a foreign corporation, filed a plea of privilege to be sued in Dallas County, the county of its corporate residence in Texas. Appellant filed a controverting affidavit which alleged that suit was lawfully maintainable in Nueces County, the county of appellant's residence under sections 23 and 25 of Tex. Rev.Civ.Stat.Ann. art. 1995 (Supp.1982). After a hearing before the court, the trial judge granted appellee's plea of privilege, and appellant duly perfected this appeal.

Appellant brings one point of error. He contends the trial court erred in granting appellee's plea of privilege because the affidavit attached to and in support of the plea of privilege is improper because it does not appear that the attorney who made said affidavit had personal knowledge of the facts which he was verifying.

Due to the rather confusing nature of this appeal, a thorough review of all the documents in the record is necessary for a proper understanding of the problem faced by this Court. Although appellant does assert two statutory grounds for contravention of appellee's plea of privilege (section 23 and section 25 of article 1995), it is apparent from the record that his position at the hearing was the same as it is before this Court. Appellant offered into evidence certain admissions and answers to interrogatories in an attempt to prove up his statutory exceptions, but offered no live testimony. The real thrust of his arguments at the hearing was based on the alleged faulty affidavit. In his arguments, brief, and special exception, the appellant makes reference to the fact that the appellee's affidavit fails to set forth a basis for showing that it was made on personal knowledge. The verification of appellee's plea of privilege reads as follows:

"I, Tom Hermansen, do hereby certify that I am the attorney of record for the defendant in the above-styled and numbered cause, and that the facts set forth in the above and foregoing plea of privilege are in all respects true and correct.

/s/ Tom Hermansen
Tom Hermansen"

Tex.R.Civ.P. 86 (1979) states, in part, that "a plea of privilege to be sued in the county of one's residence shall be in writing and sworn to . . . ." At issue in this case is the statement ". . . and sworn to . . . ." It is clear that the words or references to "personal knowledge" are not required in an affidavit sworn to by an attorney such as is contemplated by Rule 86 and Rule 14.

In *Stephens v. Rhea*, 342 S.W.2d 822 (Tex.Civ.App.—Amarillo 1961, no writ), the court was faced with a point of error identical to the point of error presented by appellant in this cause. In the *Stephens* case, the verification in question was made by the attorney for the party and stated that every statement and allegation thereof were

true and correct. The court said that this was a sufficient verification and that the affidavit was not fatally defective" ... for the reason that no personal knowledge of the facts verified was shown by the affiant." *Stephens,* supra, at 824. Another case wherein a verification similar to the one in question here was held sufficient is *Pugh v. Borst,* 237 S.W.2d 1021 (Tex.Civ. App.—San Antonio 1951, no writ).

As long as the affidavit clearly states that the facts contained in the affidavit are true and correct, there is no need for further qualification of the affiant. In *Industrial State Bank of Houston v. Wylie,* 493 S.W.2d 293 (Tex.Civ.App.—Beaumont 1973, no writ), the court quoted with agreement the statement made in the dissenting opinion in *Leonard v. Maxwell,* 365 S.W.2d 340 (Tex.1963) that

> "Much of the swearing required by our rules relating to pleas of privilege is somewhat incongruous. A lawyer may and usually does swear to the plea of privilege and the opposing lawyer swears to the controverting plea. They both swear to the truth of legal propositions and conclusions and to the existence of facts about which they have no personal knowledge."

*Industrial State Bank of Houston v. Wylie,* supra, goes on to point out that although no "words of art" have been established by the Texas courts in determining the sufficiency of an affidavit in support of or in contravention of a plea of privilege, certain phrases have been held to be insufficient to support such an affidavit. Such phrases as "on information and belief," "knowledge and belief," "verily believes," "good reason to believe," and "believe to be true" have been held to be fatally defective. See also *Cactus Drilling Corp. v. Hager,* 487 S.W.2d 758 (Tex.Civ.App.—El Paso 1972, no writ); *Nutter v. Abate Cotton Harvesting Co.,* 430 S.W.2d 366 (Tex.Civ.App.—El Paso 1968, writ ref'd n.r.e.); *Bray v. Miller,* 397 S.W.2d 103 (Tex.Civ.App.—Dallas 1965, no writ).

The use of the word *believe* appears to be the objectionable aspect of these phrases found by our appellate courts. Absent this word, the courts generally approve of the verification. See *Knipe v. Rector,* 463 S.W.2d 769 (Tex.Civ.App.—Fort Worth 1971, no writ); *Cardinal Petroleum Corp. v. Robinson,* 394 S.W.2d 556 (Tex.Civ.App.— San Antonio 1965, no writ).

In light of the foregoing authorities, a review of the affidavit in question shows that none of the common law infirmities which would render it improper are present. In fact, appellee's verification is as unequivocal and straightforward as possible under the circumstances. Appellant's point of error is overruled.

The judgment of the trial court is AFFIRMED.