**MAUCINI et ux. v. HAYMES et al.**

No. 15146.

Court of Civil Appeals of Texas.
Fort Worth.

June 16, 1950.

Rehearing Denied July 14, 1950.

Seaberry and Hagman and Ben J. Hagman, all of Weatherford, for appellants.

Grindstaff, Zellers & Hutcheson, of Weatherford, and M. F. Billingsley, Munday, for appellees.

HALL, Justice.

This venue appeal is brought from the district court of Parker County, Texas, by appellants, Joseph J. Maucini and his wife (plaintiffs below) against appellees, F. Lee Haymes, Sr. and Louise Spiegelmire, defendants.

The trial court sustained appellees' exceptions numbered (a) to (j) to appellants' amended controverting plea and transferred the case to the district court of Knox County, Texas, residence of appellees.

Appellants' appeal consists of four points, wherein they contend the trial court erred in sustaining appellees' pleas of privilege because there was substantial undisputed evidence to support a finding that appellees committed a trespass and crime under subdivision 9 of Article 1995, Vernon's Ann. Civ.St. which would confer venue in Parker County, Texas, where the accident occurred.

We find substantial undisputed evidence in the record to the effect that appellee Louise Spiegelmire committed a trespass in Parker County, Texas against appellants. The testimony reveals she was driving an automobile upon wet pavement, that she was driving said automobile on her left hand side of the road at a rate of speed of 65 miles per hour; that she was trying to pass a line of traffic consisting of three automobiles and while so driving she negligently allowed her car to collide with appellants' car, while appellants' car was being driven to its right on the dirt shoulder of the road in order that its driver might avoid the accident in question. Both of appellants were seriously injured and their automobile somewhat demolished.

We now come to appellees' exceptions upon which the court sustained their pleas of privilege.

■ We have already answered exceptions (a), (b), and (c), which in effect complain that appellants' amended controverting plea does not allege facts showing a crime or trespass.

■ Appellees' exception (d) to appellants' amended controverting plea is designed to reflect that appellants' original petition is not made a part of such plea, neither does it set the same out in such plea. We overrule this contention for the reasons that appellants alleged the following in their amended controverting plea: "That Plaintiff— have filed herein a petition, which petition is marked 'Exhibit A', and is attached hereto and made a part hereof," etc. In addition thereto they alleged sufficient allegations in their controverting plea that would confer jurisdiction in Parker County based upon section 9, Article 1995.

■ Appellees complain in their exception (e) that appellants nowhere in their amended controverting plea made sufficient allegations to the truthfulness of the matters and things alleged in said petition or amended controverting plea. We think the court was in error while sustaining this exception also, because appellants alleged in their amended controverting plea the following: "Each and all of said acts of negligence were done and performed in Parker County, Texas, and were the direct and proximate cause of the plaintiff's injuries and damages set out in plaintiff's original petition, and each and all of said acts constituted a trespass to bring this cause under the exception set out in Section 9, of Article 1995, * * *."

We find the court erred in sustaining appellees' exceptions (f), (g), and (h) to appellants' amended controverting plea on the ground that such controverting plea is insufficient in that it was not properly verified and does not allege the matters and things to be true as set forth in its original petition and for such reason is wholly insufficient. The certificate and jurat are as follows:

"The State of Texas
"County of Parker
"Before Me, a Notary Public in and for Parker County, Texas, on this day personally appeared Ben J. Hagman, known to me to be the person whose name is subscribed to the foregoing instrument as Attorney in Fact of Joseph J. Maucini and wife, Anna

Maucini, the parties thereto, who being by me duly sworn says that the above plea is true in substance and in fact.

"Ben J. Hagman

"Sworn to and Subscribed to Before Me this the 23rd day of January A.D. 1950, to certify which Witness My Hand and Seal of Office.

"Gwen Harris

(Seal)

"Notary Public in and for Parker County, Texas."

■ We find such affidavit along with the facts alleged in the controverting plea to be sufficient to meet requirements of the law.

Appellees' exception (i), which the court sustained, is as follows: "Defendants further except to the same because the said controverting plea is not in the form and does not contain a plea properly sworn to setting out the allegations of trespass and/or crime and was not filed in the time and manner required by the Statutes and rules in such cases."

■ The first part of this exception has heretofore been answered by us against appellees' contention and the court's findings; but that portion which says "* * * and was not filed in the time and manner required by the Statute and rules in such cases" is not well founded, because the exception is leveled at the amended controverting plea, as is noted in the beginning of appellees' answer, wherein said exceptions are so set out, the following: "Now comes the defendants, * * * and specially excepts to the amended controverting plea to the defendants pleas of privilege, filed in this cause, and says that the said amended controverting plea is insufficient in the following:"; then follows the exceptions, including (i). We also note they did not object in their original answer to the original controverting plea not being filed in time. There is nothing in the record which indicates that appellants' original controverting plea was not filed in time; neither is there anything in the record which would have placed appellants upon notice of such late filing, if any, in order that they may have shown a just cause for such late filing,

which, under the law, they would have a right to do. A controverting plea of privilege is amendable under the same rules as other pleadings and when it is amended the amendment relates back to and supersedes the original controverting plea. See Continental Fire and Casualty Insurance Corporation v. Whitlock, Tex.Civ.App., 215 S.W.2d 657.

■ Exception (j) is based upon the theory that the amended controverting plea is void because it is signed by an attorney in fact and that said attorney in fact did not have knowledge of the facts which he swore to but that he swore to them based upon information and belief. We find the affidavit sufficient to show that the attorney was cognizant of the facts alleged in appellants' petition as being true, which was made a part of the controverting plea, and also was cognizant of the facts stated in the controverting plea as being true. While it was not necessary for the attorney making the affidavit to disclose that he was also attorney in fact for his clients, yet such disclosure in the affidavit does not make it void. We also note it is the law that an attorney may make such affidavit under Rule 14, Texas Rules of Civil Procedure. See Evans v. Jeffrey, Tex.Civ. App., 181 S.W.2d 709.

■ Under appellees' counterpoint 9 they insist that the trial court's judgment should be sustained because appellants failed to prove that appellees were engaged in a joint mission or adventure. The testimony of appellee Haymes along this line is uncontradicted to the effect that appellees were making a trip in Haymes' car, that Louise Spiegelmire was driving it with his permission, that they had both left that day from Munday on a mission to Hillsboro, Texas, when the accident occurred and made no other explanation. We think such testimony is sufficient to prove a joint adventure. Appellee Haymes was awake and sitting in the front seat with Spiegelmire. We find that such facts reveal a joint enterprise between the two because there is not only a joint interest in the object and purpose of the enterprise but also an equal right, expressed or implied, to direct and

control the conduct of each other in the operation of the automobile. Straffus v. Barclay, 147 Tex. 600, 219 S.W.2d 65.

After studying the entire record of this case, we have come to the conclusion and so find that the trial court erred in sustaining appellees' pleas of privilege. The order of the trial court sustaining appellees' pleas of privilege is reversed, and judgment is here rendered overruling the same