### NUNNELEY et al. v. WEILER et al.
### No. 15301.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 14, 1951.

Rehearing Denied Jan. 11, 1952.

Cantey, Hanger, Johnson, Scarborough & Gooch, and J. Kirby Smith, all of Fort Worth, for appellants.

Carter & Gallagher, Joe Hill Jones, Walter Magee and Ben T. Warder, Jr., all of Dallas, for appellees.

RENFRO, Justice.

Appellants W. E. Nunneley and Jerry Nunneley have appealed from an order of the district court of Cooke County, Texas, overruling their plea of privilege to be sued in Montague County, Texas.

The appellees, John J. Weiler, Joe C. Trachta and R. W. Donnell, Sr., filed suit for damages growing out of a collision on Highway 82 in Cooke County.

By their first two points, appellants allege error on the part of the trial court in refusing to sustain their motion to dismiss the appellees' controverting affidavit. The motion to dismiss was based on the allegation that the controverting affidavit was sworn to by appellees' attorney and that he could not have knowledge of the truth or falsity of the matters contained in appellees' petition.

The attorney for appellees testified he obtained his knowledge of the facts and circumstances set out in appellees' petition and the controverting affidavit upon independent investigation and upon information given by his clients. He was not asked and did not testify what he learned from independent investigation and what he learned from his clients.

■ An attorney may make such an affidavit as herein involved. Rule 14, Texas Rules of Civil Procedure.

The affidavit is admittedly sufficient in law upon its face.

It is definite, unequivocal, and recites that the allegations set out in the appellees' petition and in the controverting affidavit are true and correct. It is therefore an affidavit on which a charge of perjury can be based if the matters sworn to therein are false.

There is nothing in the affidavit to indicate that the contents of the petition or the affidavit is based on information or hearsay.

■ There being nothing in the pleadings or the affidavit to indicate appellees' attorney was not cognizant of the statements therein, we are bound to accept the affidavit for what it appears to be on its face.

■ The purpose of a controverting affidavit is to join issue upon venue facts. It must assert fact propositions which are so clear and definite that their falsity would sustain a prosecution for perjury. Appellees' affidavit met the foregoing requirements.

■■ The test of the sufficiency of a controverting affidavit is the affidavit itself. The affidavit in question was perfectly valid on its face. The venue issues were joined upon the filing of the affidavit. The court did not err in refusing to dismiss the controverting affidavit. Our conclusion, we believe, is supported by Maucini v. Haymes, Tex.Civ.App., 231 S.W.2d 757; Evans v. Jeffrey, Tex.Civ.App., 181 S.W. 2d 709; Cumba v. Union Bus Lines, Inc., Tex.Civ.App., 229 S.W.2d 176 and Duncan v. Denton County, Tex.Civ.App. 133 S.W. 2d 197.

By points 3 to 7, inclusive, appellants challenge the sufficiency of the evidence to show a crime or trespass committed by either appellant in Cooke County.

Venue was sustained in Cooke County under the provision of Sec. 9, Art. 1995, Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. Art. 1995, subd. 9, which permits suit to be brought in the county where a crime or trespass is committed.

The pleadings and evidence reveal that three automobiles were traveling east on Highway 82 in Cooke County. There was a heavy fog reducing visibility to a distance of fifty to seventy-five feet. The cars were traveling at a speed of 25 to 30 miles per hour. A Ford pick-up, traveling 40 to 60 miles per hour, going east, passed the three other cars. In doing so, it crossed to the left hand side of the highway.

The Trachta car, going west, met the Ford pick-up just as it was passing the lead car of the three heretofore mentioned. To avoid a head-on collision with the Ford pick-up, Mrs. Trachta pulled off the paved portion of the highway, lost control of her car and collided with one of the three cars going east. Evidence on ownership of the Ford pick-up and identity of its driver was conflicting.

■■ The hearing was before the court without a jury. The trial court did not file findings of fact and conclusions of law. It must be presumed that the trial court found the necessary facts raised by the pleadings and the evidence in support of its judgment. We must therefore view the evidence in the light most favorable to appellees; Broussard v. L. Cartwright Realty Co., Tex.Civ.App., 179 S.W.2d 777, error refused; Kimbell Milling Co. v. Greene, 141 Tex. 84, 170 S.W.2d 191, Supreme Court.

■ Several witnesses testified regarding the identity of the Ford pick-up and its driver. Some of the evidence was circumstantial. The trier of the facts was entitled to consider circumstantial evidence. Strain v. Martin, Tex.Civ.App., 183 S.W. 2d 246; Davis v. Bailey, Tex.Civ.App., 187 S.W.2d 412.

■ A careful study of the entire statement of facts brings us to the conclusion that the evidence, viewed in the light most favorable to appellees, sustains the trial court's judgment.

The appellants' points of error are overruled and the judgment of the trial court is affirmed.