## REINHART v. W. H. COTHRUM & CO.
### No. 2988.

Court of Civil Appeals of Texas. Waco.
Dec. 20, 1951.

Wynne & Wynne, and William A. McKenzie, all of Dallas, for appellant.

Smithdeal, Lefkowitz & Green, and James R. Townsend, all of Dallas, for appellee.

TIREY, Justice.

This is an appeal from an order overruling a plea of privilege. The first question presented for our decision is whether the action declared upon by appellees is a suit upon or by reason of an obligation performable in Dallas County under the terms of a written contract within the meaning of subdivision 5 of Art. 1995, Vernon's Ann.Civ.Stats., as amended.

The cause was tried without the aid of a jury and there was no request for findings of fact and conclusions of law and none filed.

Appellant's Point 1 is substantially that since the contract on which the suit was based was entered into in February, 1948, and was completed in May, 1948, and since the date of final payment was in the month of September, 1948, that such contract was a fully completed contract and was not executory in any manner or means, and for such reason did not come within the meaning of the provisions of subdivision 5 aforesaid.

Point 2 is to the effect that since appellee's suit is a suit for damages and since damages is not one of the obligations specifically required by the contract pleaded to be performed in Dallas County where the suit is brought, that the provisions of subdivision 5 aforesaid are not applicable.

We find no merit in either of the above contentions and they are overruled. A statement is necessary.

Appellee alleged that he, as a general contractor, and appellant, as a subcontractor, entered into a written contract in February, 1948, whereby the appellant obligated himself to do certain concrete work on certain building projects in Dallas County and bound himself to perform such work in accordance with the plans and specifications and also to furnish all labor and material to install completely and satisfactorily the steel and concrete in house beams, piers, garages and flat work, to include public walks, porches and steps, etc., and appellant bound himself to do the work in a good and workmanlike manner and in accordance with the plans and specifications concerning such project and to the complete satisfaction of the plaintiff. Appellee further alleged in his petition that he paid to appellant the money he contracted and agreed to pay him for the work to be done, but after the work had been completed some six months it appeared that appellant had breached his contract in that he had used inferior material and had failed to perform the work in a good and workmanlike manner, and that since the work had been done the cement and various portions of the improvements

had deteriorated and crumbled away and had failed to serve the purposes for which such installations were made and appellant failed and refused to take the steps necessary to remedy and correct such defects and inferior work. Appellee further alleged (setting out in details the repairs necessary to be made) "that in order to make the various service walks, driveways, porches, runners, aprons and public walks serviceable and usable and to bring them up to the standards as required by the plans and specifications of the contract, an expenditure of $5208.80 will be required" and that he would be required to employ an engineer to supervise the work and that such services would require a further expenditure of $500, which would be a reasonable sum for the services rendered by a competent engineer, and that because of the failure of the appellant to do and perform the work in a good and workmanlike manner as provided in his written contract with appellee that appellee had sustained damages in the sum of $5708.80. Under the allegations in appellee's original petition it appears that it was necessary to bring suit for the failure and neglect of appellant to perform the obligations under the contract in the manner specified and that this failure on the part of appellant to perform his obligations is alleged as a breach of the contract with the resulting damages being measured by the cost of replacing such concrete work and in such condition as to comply with the plans and specifications of that particular work and which obligation appellant bound himself to perform. Appellee made request for admissions of appellant under Rule 169, Texas Rules of Civil Procedure. We think the evidence is ample to sustain each implied finding necessary to support the trial court's judgment.

It is our view that the suit brought by appellee was for breach of an obligation performable in Dallas County and that such suit was properly brought in the District Court of Dallas County. Subdivision 5 of Art. 1995, Vernon's Ann.Civ.Stats., as amended, has been construed by our Supreme Court in Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698,

699, and in discussing the same the court said: "It is quite clear from the language used in this subdivision that, aside from the fact that the pleadings in the suit disclose that the suit is 'upon or by reason of' an obligation of some sort—either written or unwritten, express or implied—there is but a single fact which need be shown in order to cast venue in the county where the suit is brought. This single fact is to the effect that the defendant has contracted in writing to perform the alleged obligation in said county—the county or some definite place therein being expressly named in the writing. Proof of the existence of a cause of action is not required now, and was not required before the subdivision was amended in 1935." Our Supreme Court has never departed from the foregoing construction given to subdivision 5. Since it is without dispute that appellant bound himself to perform this particular work in Dallas County and bound himself to do the work in accordance with the plans and specifications and in a good and workmanlike manner, and since the original contractor alleged that appellant failed in this behalf, and that the breach of his duty in this behalf resulted in damage to appellee, the venue of this suit is properly laid in Dallas County under the above subdivision. See also opinion of this court in Gifford-Hill & Co. v. Hearne Sand & Gravel Co., 183 S.W.2d 766. It is obvious that the foregoing factual situation is decisive of the venue question.

Appellant's third point is that the evidence tendered failed to establish that appellant's residence was in Dallas County, Texas. We overrule this contention. We have considered very carefully the testimony tendered and we think it is sufficient to sustain the implied finding of the trial court that appellant was a resident of Dallas County, Texas within the meaning of the venue statute. It is now well settled that for venue purposes a person may have residence in one or more counties. See Kerr v. Davenport, Tex.Civ.App., 233 S.W. 2d 197. See also Mercer v. Gray, 109 S.W. 2d 1107, and cases collated under Vol. 37, Texas Digest, Venue, ☞2, 3, 4, 5 and 28. It is true that the plea of privilege filed by the defendant tendered the issue

that appellant was not a resident citizen of Dallas County but of Gregg County, but we think the testimony tendered by appellee on the issue is sufficient to sustain the implied finding of the trial court that appellant was maintaining a residence in Dallas County within the meaning of the venue statute.

It follows that the judgment of the trial court is affirmed.