Wheat BAILEY d/b/a Wheat Bailey Motor Company, Appellant,

v.

A. R. A. MANUFACTURING COMPANY, Appellee.

No. 15668.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 23, 1955.

Rex Emerson, Odessa, for appellant.

Thompson, Walker, Smith & Shannon, and R. T. Churchill, Fort Worth, for appellee.

BOYD, Justice.

This suit was filed in a District Court of Tarrant County by appellee A. R. A. Manufacturing Company against appellant Wheat Bailey, doing business as Wheat Bailey Motor Company. The appeal is from a judgment overruling appellant's plea of privilege to be sued in Ector County, where he resides.

Appellee sought to sustain venue under Article 1995, subd. 5, R.C.S., contending that its suit was upon a contract in writing performable in Tarrant County.

By points of error, appellant contends: that the affidavit supporting the controverting plea was based purely upon hearsay, conclusions and assumptions; that it was error to admit in evidence certain purported sales invoices; and that it was error to overrule appellant's special plea alleging that appellee had waived its right to bring the suit in Tarrant County.

The petition was made a part of the controverting plea. The affidavit supporting the controverting plea was made by E. L. Heerwald, appellee's credit manager, wherein he deposed: "That he is authorized to make this affidavit for the Plaintiff, A. R. A. Manufacturing Company, of Fort Worth; that he has read the above and foregoing controverting plea to the plea of privilege of the Defendant, Wheat Bailey, d/b/a Wheat Bailey Motor Company, filed in Cause No. 69925–A, styled A. R. A. Manufacturing Company v. Wheat Bailey, d/b/a Wheat Bailey Motor Company, and knows the contents thereof, and that the allegations, denials, and facts therein set out and contained are true and correct."

In Nunneley v. Weiler, 244 S.W.2d 707, 709, this court had before it a similar situation. There the affidavit was made by the

851

plaintiffs' attorney, and the contention was that the attorney could not have knowledge of the truth or falsity of the matters contained in the petition. The court said:

"It [the affidavit] is definite, unequivocal, and recites that the allegations set out in the appellees' petition and in the controverting affidavit are true and correct. It is therefore an affidavit on which a charge of perjury can be based if the matters sworn to therein are false.

"There is nothing in the affidavit to indicate that the contents of the petition or the affidavit is based on information or hearsay.

"There being nothing in the pleadings or the affidavit to indicate appellees' attorney was not cognizant of the statements therein, we are bound to accept the affidavit for what it appears to be on its face.

"The purpose of a controverting affidavit is to join issue upon venue facts. It must assert fact propositions which are so clear and definite that their falsity would sustain a prosecution for perjury. Appellees' affidavit met the foregoing requirements.

"The test of the sufficiency of a controverting affidavit is the affidavit itself. The affidavit in question was perfectly valid on its face. The venue issues were joined upon the filing of the affidavit. The court did not err in refusing to dismiss the controverting affidavit. Our conclusion, we believe, is supported by Maucini v. Haymes, Tex.Civ.App., 231 S.W.2d 757; Evans v. Jeffrey, Tex.Civ.App., 181 S.W.2d 709; Cumba v. Union Bus Lines, Inc., Tex.Civ. App., 229 S.W.2d 176 and Duncan v. Denton County, Tex.Civ.App., 133 S.W.2d 197."

We think the affidavit was sufficient and appellant's first point is overruled.

■ Appellant's second point is that it was error to admit in evidence certain sales invoices because appellee failed to plead or prove the execution of the instruments, and sought to enlarge its case by pleading new issues in the controverting plea.

The controverting plea is more explicit in that regard than is appellee's petition. The controverting plea alleged that some of the invoices were signed by appellant personally and that the others were signed by certain individuals as appellant's agents. But in its petition, appellee did allege that it "delivered to the Defendant, pursuant to written sales invoices, numbered as hereinafter set forth, four A. R. A. Automotive Air Conditioning Units for the types of automobiles set out below, and at the express instance and request of the Defendant, installed the same in said automobiles, all for the agreed purchase prices as indicated below, * * *. A true and exact copy of said sales invoices is attached hereto, marked Exhibit 'A', 'B', 'C', 'D' and 'E' respectively for identification and are made a part hereof for all proper purposes. * * * Under the terms of said written sales invoices, Defendant promised to pay and became bound and obligated to pay to the Plaintiff the purchase price * * *." In each invoice attached to the petition, we find the following: "All bills due and payable in Ft. Worth Tex. * * * I hereby authorize the above work to be done along with necessary materials. * * *"

Appellee's witness Heerwald testified that the sales invoices introduced in evidence were duplicate originals of the sales invoices made out and signed at the time the particular equipment was installed, and that the exhibits attached to appellee's petition were true and exact copies of such duplicate originals.

■ In our opinion, a plea of privilege is not effectual as a denial under oath of the execution of a written contract to put the plaintiff under the burden of proving its execution when a suit founded thereon is sought to be maintained in a county where the obligation was to be performed. Rule 86, Texas Rules of Civil Procedure, reads, in part, as follows: " * * * provided that such plea shall not constitute a denial under oath of any allegations of plaintiff's petition required to be denied under oath by Rule 93

unless specifically alleged in such plea. * * *" Rule 93 provides that the denial of the execution of any instrument in writing upon which a pleading is founded must be verified by the affidavit of the person charged to have executed the instrument.

In Harvey v. Bain, 140 Tex. 375, 168 S. W.2d 234, it was pointed out that a plea of non est factum must now be specially pleaded in a plea of privilege in order to place the plaintiff under the burden of proving the execution of the instrument.

We think the petition sufficiently alleged that appellant contracted in writing to perform the obligation sued on. There was no verified plea of non est factum filed in this case, and therefore we think that appellee was not under the burden of proving the execution of the instruments.

■■ We do not think that appellee waived its right to sue in Tarrant County. If we understand appellant's contention under this point, it is that the waiver was accomplished because the materials were furnished by appellee's branch office at Odessa, in Ector County, the work was done in that county, the invoices were made out after the work was completed, and occasionally the Odessa office collected for the materials it furnished and the work it performed.

A waiver is the voluntary relinquishment of a known right. We cannot believe that furnishing materials and performing work in one county, and collecting part of the contract price for the materials and work, if any was collected, in that county, would show a relinquishment of the right to sue for the balance of the debt in the county where it all was made payable.

Finding no error, the judgment is affirmed.