**FIRST NATIONAL BANK IN PLEASANTON, Appellant,**

v.

**SOUTHWESTERN INVESTMENT COMPANY, Appellee.**

**No. 6660.**

Court of Civil Appeals of Texas.

Amarillo.

March 25, 1957.

Rehearing Denied April 22, 1957.

Joye H. Troell, Pleasanton, House, Mercer & House, San Antonio, for appellant.

Simpson, Clayton & Fullingim, Amarillo, for appellee.

PITTS, Chief Justice.

This is a venue action which arose out of a suit filed on March 27, 1956, by plaintiff, Southwestern Investment Company, a corporation, against defendants, W. A. Krause doing business as Krause Motor Company, and the First National Bank of Pleasanton, Texas, for the trial of rights of personal property consisting of three new automobiles and in the alternative for the collection of three promissory notes payable on demand 30 days after date to Southwestern

Investment Company in Amarillo, Potter County, Texas, in the total sum of $7,890.61, and for the foreclosure of a lien allegedly executed by defendant, W. A. Krause, in favor of plaintiff to secure the payment of the said notes. Defendant, First National Bank in Pleasanton, as appellant herein, filed its plea of privilege seeking to have the case on its merits transferred to Atascosa County, Texas, the county of its residence. Plaintiff, Southwestern Investment Company, appellee herein, filed its controverting affidavit and as a result of a hearing had only on the venue question before the trial court without a jury, judgment was rendered overruling the plea of privilege from which judgment appellant perfected an appeal.

■ Appellant has raised several separate and distinct questions by presenting only one single point of error contending that the trial court erred in overruling and not sustaining the plea of privilege. Under this point, appellant has charged first that appellee failed to discharge the burden of proof because it did not prove the execution of the three notes in question that were introduced in evidence. The notes were signed "Krause Motor Company, Dealer, by G. Sullivan," and each note recited that it was executed and delivered under and pursuant to the provisions of a trust receipt agreement then in force, made between the parties and the same was made a part of each note, which trust receipt was introduced in evidence and appears to have been signed by "Krause Motor Company, Dealer, by W. A. Krause," who acknowledged the same before a notary. The trust receipt obligated Krause to execute the notes and it is in effect a mortgage lien to secure the payment of the said notes. It requires Krause to account to appellee for the sale of any of the said automobiles and the record reveals that W. A. Krause had sold three other automobiles which were covered by one of the notes here involved and had accounted to appellee for them and credit was given him for such on the said note. Those automobiles settled for and that part of one of the notes covering the same are not here involved. According to the record before us there was no denial under oath of the execution or the authenticity of the notes in question for which reason appellee was not required to prove these matters. Rules 86 and 93, Texas Rules of Civil Procedure, as construed by the court in the case of Bailey v. A. R. A. Mfg. Co., Tex. Civ.App., 285 S.W.2d 849.

■ Appellant has further charged that appellee failed to establish that appellant is a necessary party to the suit. Although Krause has not sought a change of venue, appellant contends that appellee has failed to establish venue in Potter County as against Krause or his company. Appellee pleaded in effect that it was owner of and held superior title to the three new automobiles, holding a valid subsisting first lien on each of them, and had by agreement transferred them over to Krause doing business as Krause Motor Company of Atascosa County, Texas, to sell them according to the terms of the agreement but such had not been sold by Krause but were then in possession of defendants, meaning both of them, in Atascosa County, Texas, and that appellant herein was asserting some right or claim to the automobiles. Without showing who introduced such, a part of appellant's pleadings were introduced in evidence showing appellant's claim of superior rights to title and possession of the automobiles. The evidence likewise reveals that appellee sued out a writ of sequestration and the sheriff's return thereon reveals that the automobiles in question were found in the possession of appellant, which replevied them with a satisfactory bond executed and retained possession of the automobiles. The record also reflects that appellant introduced in evidence three separate instruments marked "Manufacturer's Statements of Origin" of the automobiles showing the transfer of the same to Krause Motor Company and on the reverse side thereof is shown an assignment of the automobiles for a valuable consideration by Krause Motor Company to appellant and

the same was sworn to by "W. A. Krause, Owner." The assignment reveals that the automobiles were new and had never been registered in this or any other state.

In our opinion the pleadings and the evidence support the trial court's judgment holding venue in Potter County, Texas. The said county has venue of Krause under the provisions of Exception 5 of Article 1995, Vernon's Revised Civil Statutes, by reason of the promissory notes in question being made payable in Amarillo, Texas, judicially known to be in Potter County, Texas, and the said county has venue over appellant under the provisions of Exception 29a of Article 1995 by reason of the fact that the evidence conclusively reveals that appellant is a necessary party to the original suit. The question of who has superior title to the automobiles has likewise been raised by appellant but that matter will be determined at the trial of the case on the merits.

For the reasons stated appellant's single point of error is overruled and the judgment of the trial court is affirmed.