HOUSTON HEATING & AIR CONDITION-ING, INC., Appellant,

v.

Martin B. SEMANDS, Appellee.

No. 3589.

Court of Civil Appeals of Texas.

Waco.

Nov. 6, 1958.

Rehearing Denied Dec. 11, 1958.

Patterson, McDaniel & Moore, Houston, for appellant.

Darden & Fowler, Conroe, for appellee.

TIREY, Justice.

This is a venue case—non-jury. The defendant has perfected its appeal from an order overruling its plea of privilege to be sued in Harris County, the county of its residence. There was no request for findings of fact and conclusions of law and none filed. The judgment is assailed on what appellant chooses to designate as four points. They are substantially to the effect that the court erred (1 and 4) in sustaining venue under subdivision 5, Art. 1995 of the Revised Civil Statutes, because the plaintiff wholly failed to show the execution of a written contract by the defendant, and by reason thereof appellant had the right to be sued in Harris County; (2 and 3) because the contract does not provide that it is performable by defendant in Montgomery County.

In plaintiff's original petition on which he went to trial, we find this allegation:

"II.

"That on or about January 2, 1956, Plaintiff and Defendant entered into a Contract, in writing, wherein Defend-

ant agreed to furnish and install all materials, labor and equipment necessary to place in good operating condition all heating and air conditioning equipment in the Conroe Community Hotel, Inc., located at Frazier and Davis Streets in Conroe, Texas; said heating and air conditioning installation and work to be done in accordance with plans and specifications prepared by Charlie S. Chan, Architect, Houston, Texas, which said plans and specifications were included in, and made a part of said contract."

The contract between plaintiff and defendant in this case was designated a subcontract and we quote the pertinent parts thereof applicable to this cause:

"This Agreement, made this 2nd day of January, 1956, by and between Martin B. Semands Conroe, Texas hereinafter called 'Contractor' and Houston Heating & Air Conditioning Inc., 4700 Mangum, Houston 8, Texas hereinafter called 'Subcontractor,'

"Which Witnesseth:

"Whereas, Contractor has heretofore entered into a contract dated December 19, 1955 with Conroe Community Hotel, Inc., Conroe, Texas hereinafter called 'Owner,' to perform certain labor and furnish certain materials for the erection, construction and completion of A Hotel Building at Frazier and Davis Street, Conroe, Texas as per plans and specifications, prepared by Charlie S. Chan, Architect, Houston, Texas hereinafter referred to as 'Architect,' as follows:

"All of which are made a part of said contract and all of which are now made a part of this subcontract; said contract, plans, specifications, addenda and other documents above set forth being hereinafter referred to as the 'Contract Documents;' and

"Whereas, the parties hereto desire to contract with reference to a part of said work:

"Now Therefore, for and in consideration of the mutual and reciprocal obligations herein contained, it is agreed as follows:

"1. Subcontractor shall furnish and pay for all labor, services and materials and perform all of the work necessary or incidentally required for the completion of that part of the work covered by the Contract Documents, as follows:

"To furnish all Materials, Labor, Equipment and Insurance necessary to complete the Heating and Air Conditioning Work in accordance with Plans Sheets A-A through A-3, S-1 thru S-3 and M-1 thru M-3, Specifications, Section M-3 Heating and Air Conditioning pages 23 and 24 inclusive."

Plaintiff testified in part substantially to the effect that he lives in Conroe, Texas, and is engaged in the general construction work; that the second day of January, 1956, he entered into a contract with Conroe Community Hotel, Inc., at Conroe, Texas, for the construction of a hotel building; that on or about the second day of January, 1956 he entered into a contract with the Houston Heating and Air Conditioning, Inc., to do subcontract work on the hotel; that such contract covered the furnishing and installation of an air conditioning and heating system for the hotel which consisted of duct work and thermostatic control; that the subcontract tendered to him bears the date of January 2, 1956 and it has been filled out and bears the signature of Martin B. Semands and T. E. Nelson. He further testified that that was the subcontract that was entered into by him and the defendant company in this suit; that after the contract was identified, it was tendered into evidence without any objection; that after the contract was duly signed, the defendant entered into the performance of the job, and that the work was

performed under the supervision of T. E. Nelson in Conroe in Montgomery County, Texas; that defendant purportedly completed the contract; but it did not do the work in the manner that it was duty bound to do, and by reason of the failure of the defendant to do and perform and complete the work in the manner that it was required to do under the contract, that the plaintiff was forced to expend the further sum of approximately $1750.98 in order to make the repairs necessary to make the installation of the air conditioning unit perform satisfactorily.

The foregoing constitutes substantially the pertinent testimony tendered in this case. Appellant tendered no testimony but stated that it was satisfactory with it for the contract heretofore referred to to be tendered in evidence. As we understand appellant's position here, it is to the effect that the contract tendered in evidence does not show it was executed by it or by anyone acting under its authority so to do. The contract tendered in evidence was signed by T. E. Nelson. Appellant contends here that since appellee relies on Subdivision 5 of Article 1995 to sustain venue in Montgomery County, that it failed to sustain venue in that county, because the contract was not signed by it and it was not shown that T. E. Nelson had authority to sign such contract. We overrule these contentions for the reasons which we shall hereinafter briefly state.

Rule 93 of Texas Rules of Civil Procedure, provides in part as follows:

"A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit. * * * (h) Denial of the execution by himself or by his authority of any instrument in writing, upon which any pleading is founded, in whole or in part, and charged to have been executed by him or by his authority, and not alleged to be lost or destroyed. * * * In the absence of such a sworn plea, the instrument shall be received in evidence as fully proved."

Rule 86, TRCP, in part provides:

" * * *; and such plea of privilege when filed shall be prima facie proof of the defendant's right to change of venue; provided that such plea shall not constitute a denial under oath of any allegations of plaintiff's petition required to be denied under oath by Rule 93 unless specifically alleged in such plea."

We think under the undisputed factual situation here before us, that appellant's position is foreclosed by the doctrine announced in Ladner v. Reliance Corporation, Tex., 293 S.W.2d 758, 763, Justice Walker, speaking for the court, said:

"There are some situations in which the plaintiff is not required to prove all of his essential venue facts by independent evidence. Under our statutes and rules certain facts will be taken as admitted unless the defendant puts the same in issue by a verified pleading, and the plea of privilege does not constitute a verified denial of any allegation of plaintiff's petition required to be denied under oath unless specifically alleged in such plea." Citing Rules 86 and 93 aforesaid. "When a venue fact is one which can be put in issue only by a verified pleading and the defendant does not interpose such a plea, the plaintiff is not required to prove the same."

■ Appellant went to trial on its First Amended Plea of Privilege and there is an absence in the plea of privilege of any allegation challenging the authority of T. E. Nelson to execute the contract in suit, nor was there any verified denial by appellant that the contract in suit was not executed by its duly authorized agent.

It is our view that the pleading of plaintiff and the proof tendered is ample to sustain venue in Montgomery County, and

that this view need not be labored. See also Harvey v. Bain, 140 Tex. 375, 168 S.W.2d 234; North Texas Tank Co. v. Pittman, Tex.Civ.App., 290 S.W.2d 724 (no writ history); Bailey v. A. R. A. Manufacturing Co., Tex.Civ.App., 285 S.W.2d 849; First Nat. Bank in Pleasanton v. Southwestern Investment Co., Tex.Civ.App., 301 S.W.2d 192 (dismissed).

Perhaps we should say that appellee testified to the effect that in January, 1956, he entered into a written contract with appellant, and that the contract covered the installation of heating and air conditioning equipment in the Conroe Community Hotel; appellee identified the contract and the signatures thereon as being his and the signature of T. E. Nelson; that the contract introduced in evidence and marked Exhibit A was the contract entered into between appellee and defendant in this suit, and according to appellee's testimony, appellant, after the execution of the written contract, entered upon the job and started performing the work in accordance with the terms of the contract; that he knew Mr. Nelson and that payment in full had been made under the contract to appellant with the exception of $187 which was withheld with the consent of Nelson. The contract was introduced without objection, and in fact at the request of the attorneys for appellant. It is our view that the written contract stands uncontroverted, and that it was executed by appellant. We think this evidence, standing alone, is sufficient to prove the execution of the contract under the authorities here cited.

Perhaps we should say further that appellant's contention that the contract does not provide that it is performable by appellant in Montgomery County or a definite place therein is incorrect and is without any merit whatsoever.

We have previously quoted the pertinent part of the contract between appellant and appellee, and we think a careful reading of the quoted part of the contract shows conclusively that the materials to be furnished by appellant and the labor to be performed by it, was for the purpose of completing the hotel in Conroe, Texas, which the court judicially knew to be in Montgomery County. It is our view that this suit as brought by appellee was for the breach of an obligation performable at Conroe, Texas, in Montgomery County. See Reinhart v. W. H. Cothrum & Co., Tex.Civ.App., 244 S.W.2d 562, pt. 1. Moreover, the court had the duty to take judicial knowledge of the fact that Conroe, the county seat, is in Montgomery County, Texas. See Petroleum Casualty Co. v. Crow, Tex.Civ.App., 16 S.W.2d 917, pt. 2, at page 919 (no writ history); Ross Bros. Horse & Mule Co. v. First National Bank of Coolidge, Tex.Civ. App., 158 S.W.2d 819, pt., at page 820. It follows from what we have said that appellant's points challenging the correctness of the trial court's order overruling its plea of privilege are without any merit whatsoever, and each is overruled.

Accordingly, the judgment of the trial court is Affirmed.

HALE, J., not participating.