Gilbert **HOLLADAY** et al., Appellants,

v.

Guadalupe **PEREZ** De **RIOS** et al., Appellees.

No. 15821.

Court of Civil Appeals of Texas, San Antonio.

Jan. 25, 1978.

Rehearing Denied March 1, 1978.

Alfred W. Offer, Roy D. Quillian, III, San Antonio, for appellants.

Michael Putman, Putman & Putman, San Antonio, for appellees.

MURRAY, Justice.

This is a venue case arising out of a highway intersectional collision in Frio County, Texas. Appellees, Guadalupe Perez De Rios, surviving widow of Jose Elezar Rios, and her children, and Alta Verde Industries, Inc., sued appellants, Adolfo Esparza, Gilbert Holladay, and Holladay Trucks, Inc. Appellants filed a plea of privilege to be sued in Dawson County, the county of their residence. After a trial before the court without a jury, the plea was overruled.

Appellees allege that there was a collision between two tractor-trailer trucks, resulting in the death of Jose De Rios and leaving as his survivors a wife and children; that appellant, Esparza, was negligent in the operation of his truck and such negligence was a proximate cause of the collision in question.

In appellees' controverting affidavit to the plea of privilege they rely upon Subds. 9a, 23, and 29a of Art. 1995, Tex.Rev.Civ. Stat.Ann. (1964).

The substance of appellants' points of error which have been briefed is that the evidence is insufficient to support the implied finding that appellants' driver was guilty of negligence, proximately causing the collision in question.

■ We agree with appellants that the burden is on the appellees to establish that the collision was proximately caused by the negligence of appellants' driver. *Sanderlin v. Dransfield,* 523 S.W.2d 794 (Tex.Civ.App. —Fort Worth 1975, no writ); *Reynold & Huff v. White,* 378 S.W.2d 923 (Tex.Civ. App.—Tyler 1964, no writ).

It is settled that both the negligence and proximate cause may be inferred by the circumstances. *Birmingham v. Gulf Oil Corp.,* 516 S.W.2d 914 (Tex.1974); *Bock v. Fellman Dry Goods Co.,* 212 S.W. 635 (Tex. Comm.App.1919, holding approved).

The testimony shows that on October 4, 1973, an intersectional collision occurred between Jose De Rios, decedent, who was operating a tractor-trailer in a northeasterly direction on U.S. Highway 57 and appellant, Esparza, who was operating a tractor-trailer in an easterly direction on F.M. 140; that there was a stop sign and two flashing red lights for traffic proceeding on F.M. 140 and a blinking yellow light for traffic on U.S. Highway 57; that the accident occurred approximately at 8:10 a. m. on a clear, dry day, during daylight hours, and there was no obstruction of view; that at the time of the accident there was no other traffic moving on either of said roads; that the point of impact was marked as being near the the center of the lane of F.M. 140; that the appellant saw a truck approaching the intersection and did not see it again until after the collision; that Esparza's "rig" had a combined length of 51 or 52 feet and weighed approximately 71,000 pounds; and that the Officer Rowan stated that the Rios truck left approximately 60 feet of skidmarks prior to impact with the Esparza truck.

There is conflicting testimony as to where appellants' trailer was struck. Appellant testified that the vehicle was struck near the back wheels whereas appellees made reference to Exhibits 1, 2, and 6, that the impact was toward the front of the appellants' trailer near the landing struts.

■ Tex.Rev.Civ.Stat.Ann., art. 6701d, § 71(a) and (e) (Supp.1976), provide in part as follows:

(a) The driver of a vehicle approaching the intersection of a different street or

**18**

roadway shall stop, yield and grant the privilege of immediate use of such intersection in obedience to any stop sign, . . . and after so stopping, may only proceed thereafter when such driver may safely enter the intersection without interference or collision with traffic using such different street or roadway.

(e) A driver obligated to stop and yield the right-of-way in accord with Sections (a), . . . of Section 71, who is involved in a collision or interference with other traffic at such intersection is presumed not to have yielded the right-of-way as required by this Act.

In a trial by the court, where there are no findings of fact or conclusions of law filed or requested, we must presume that the court found all facts raised by the pleadings and the evidence to support the judgment. *Nunneley v. Weiler,* 244 S.W.2d 707 (Tex. Civ.App.—Fort Worth 1951, no writ).

■ A careful study of the entire statement of facts and in consideration of Tex. Rev.Civ.Stat.Ann., art. 6701d, § 71(a) and (e), brings us to the conclusion that the evidence, viewed in the light most favorable to appellees, sustains the trial court's judgment in overruling the plea of privilege.

The judgment is affirmed.